UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ALTON HOWARD RIDDLE,　　　　　　　　　　Case No. 23-10827-j7

Debtor.

## **MEMORANDUM OPINION**

Before the Court is the Chapter 7 Trustee's Motion for Order Authorizing Trustee to Assign Estate Property Free and Clear of Claims, Liens, And Interests Pursuant to 11 U.S.C. § 363 ("Motion to Sell" – Doc. 55). The property the Trustee seeks to sell and assign is potential legal malpractice claims ("Legal Malpractice Claims") against Debtor's state court counsel based on their representation of Debtor in a pre-petition lawsuit that resulted in a judgment against the Debtor and in favor of Colby Dwoskin, now a creditor in this bankruptcy case. The Chapter 7 Trustee asks the Court to approve the sale of the Legal Malpractice Claims to Mr. Dwoskin. The targets of the Legal Malpractice Claims, Rainier Legal Advocates, LLC ("Rainier") and Morgan J. Wais (together "Rainier and Wais"), filed the only objection to the Motion to Sell. (Doc. 57 – the "Objection"). The Court held a preliminary hearing on the Motion to Sell on May 14, 2025, heard oral argument, and took the matter under advisement. No evidentiary hearing is required.

The Court will grant the Motion to Sell without considering the merits of the Objection because Rainier and Wais do not have the right to be heard to prosecute their Objection. They are not creditors in this bankruptcy, have no prospect of receiving a distribution from the estate, and have not challenged the integrity of the sale process.

PROCEDURAL AND FACTUAL BACKGROUND

Debtor filed this chapter 7 case on September 26, 2023. The bar date to file claims (except claims of governmental units) was February 20, 2024. On February 20, 2024, Mr. Dwoskin timely filed a proof of claim. The claim, as later amended, is in the amount of $1,737,630 based on the state court judgment in his favor. (*See* Claim No. 9 – the "Dwoskin Claim"). The Dwoskin Claim is subordinate to all other claims against the estate (*See* Doc. 22, p. 8 and Doc. 31). Excluding the Dwoskin Claim, the allowed prepetition claims against the estate consist of unsecured nonpriority claims totaling $27,568.68.

The Legal Malpractice Claims include claims for legal malpractice and claims for violations of the Washington Consumer Protection Act (including claims against Ranier's managers and officers) that are property of the Debtor's bankruptcy estate pursuant to § 541(a)(1) of the Bankruptcy Code.[1] The Motion to Sell seeks to sell the Legal Malpractice Claims pursuant to § 363(b), (f), and (m) and F. R. Bankr. P. 2002(a)(2) and 6004(a).

In the Motion to Sell, the Chapter 7 Trustee seeks to sell the Legal Malpractice Claims to Mr. Dwoskin on the following terms: (a) Mr. Dwoskin will pay the Trustee $25,000.00; (b) the Dwoskin Claim is and shall remain subordinate to all other allowed claims against the bankruptcy estate; (c) the Trustee will convey the Legal Malpractice Claims to Mr. Dwoskin free of all interests and of claims of creditors; (d) the Trustee will cooperate with reasonable requests from Mr. Dwoskin so he may pursue the Legal Malpractice Claims, and Mr. Dwoskin will reimburse the Trustee for costs and compensate the Trustee for his time at $300.00/hour; and (e) the sale is made without any

---

[1] "Unless otherwise indicated, all statutory references are to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., known as the United States Bankruptcy Code ("Code").

representations or warranties (the buyer assumes the risk of whether the Legal Malpractice Claims are assignable).

Rainier and Wais's Objection (Doc. 57) was the only objection to the Motion to Sell. As part of the Objection, Rainer and Wais represented that they are willing to pay $27,500 to purchase the Legal Malpractice Claims. Mr. Dwoskin filed a consent and acknowledgment to the Motion to Sell (Doc. 60), and the Trustee filed a Reply (Doc. 61) to the Objection.

At a preliminary hearing on the Motion to Sell, the Trustee, Rainier and Wais, and Mr. Dwoskin presented oral arguments. No party requested an evidentiary hearing. The Court took this matter under advisement.

DISCUSSION

Ranier and Wais object to the Motion to Sell on two grounds. First, they argue that the Court should not approve a sale of the Legal Malpractice Claims because the claims are not assignable under Washington state law. They assert Washington state law precludes a prevailing party from pursuing its adversary's legal malpractice claim against its attorney. In the alternative, Rainier and Wais argue that if the Court will approve a sale, the Trustee should be required to conduct an auction to achieve the highest price for the asset because they have made a higher bid.

The Trustee contends that Ranier and Wais do not have Article III standing, prudential standing, or statutory standing to object to the Motion to Sell. Standing is a "threshold issue in every federal case."[2] Accordingly, the Court will consider the standing

---

[2] *Thomas v. Fed. Nat'l Mortg. Assoc. (In re Thomas)*, 469 B.R. 915, 921 (10th Cir. BAP 2012) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

issues before deciding whether to address the Objection to the Motion to Sell on its merits. The party seeking relief bears the burden of proving standing.³

*Article III standing is satisfied as to Ranier and Wais based
solely on the Trustee's Article III standing to file the Motion to Sell*

Article III standing, also known as Constitutional standing, limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const., Article III, § 2.⁴ The requirement for Article III standing applies in bankruptcy court, even though the bankruptcy court is not an Article III court.⁵ Because Article III standing is jurisdictional, federal courts have an obligation to examine whether Article III standing exists when there is a colorable standing issue.⁶

Here, there is no colorable issue that the Trustee has Article III standing to prosecute the Motion to Sell. The Trustee has Article III standing to prosecute the Motion to Sell because the Trustee has filed the motion pursuant to a Bankruptcy Code section authorizing him to sell bankruptcy estate assets and has a concrete stake in the relief he requests, that

---

³ *Id.* (citing *In re* Miller, 666 F.3d 1255, 1261 n. 4 (10th Cir. 2012)).
⁴ *Susan B. Anthony List. v. Driehaus*, 573 U.S. 149, 157 (2014).
⁵ *In re Pettine*, 655 B.R. 196 (10th Cir. BAP 2023). Article III jurisdiction over bankruptcy cases and proceedings is vested in the district court under 28 U.S.C. § 1334, including exclusive jurisdiction over bankruptcy cases and property of the bankruptcy estate. The only source of bankruptcy court jurisdiction is the district court's referral of bankruptcy cases and proceedings to the bankruptcy court under 28 U.S.C. §157, which enables the bankruptcy court, as a unit of the district court (*see* 28 U.S.C. §151), to exercise the bankruptcy jurisdiction vested in the district court under § 1334 including its exclusive jurisdiction. Consequently, bankruptcy court jurisdiction is entirely derivative of the jurisdiction vested in the district court and cannot extend beyond the reach of that jurisdiction. *See id*. at 206-212. *Accord In re AIO US, Inc.*, __B.R.__, 2025 WL 1617477, at *4 n. 19 (Bankr. D. Del. June 6, 2025). *But see Kiviti v. Bhatt*, 80 F.4th 520, 533-34 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2519 (2024) (Article III must be satisfied before a bankruptcy case or proceeding can be referred to the bankruptcy court or returned to the district court, but otherwise Article III does not constrain the non-Article III bankruptcy court's exercise of jurisdiction).
⁶ *In re Peeples*, 880 F.3d 1207, 1212 (10th Cir. 2018).

is, to liquidate a bankruptcy estate asset and distribute the proceeds from the sale to the holders of allowed claims against the bankruptcy estate.

It is unnecessary to determine whether Rainier and Wais independently satisfy the requirements of Article III standing. When a movant with Article III standing invokes the bankruptcy court's jurisdiction in a contested matter in a bankruptcy case, objecting parties need not themselves have Article III standing to prosecute their objections.[7] Consequently, the Trustee's argument that Rainer and Wais lack Article III standing to object to the Motion to Sell is misplaced. The requirements of Article III standing have been satisfied.

*Prudential Standing*

The Trustee next contends that Ranier and Wais do not have prudential standing to object to the Motion to Sell. Prudential standing is not derived from Article III.[8] "Prudential standing represents judicially self-imposed limits on the exercise of federal jurisdiction that [generally] are founded in concern about the proper—and properly limited—role of the courts in a democratic society."[9] In bankruptcy court, "[p]rudential standing consists of 'a judicially-created set of principles that, like constitutional standing, places limits on the class of persons who may invoke the court's decisional and remedial powers.'"[10] Although prudential standing has not been "exhaustively defined," traditionally it has encompassed

---

[7] *AIO US, Inc*. 2025 WL 1617477 at *3-6 ("So long as the party that is invoking the court's jurisdiction has a concrete stake in the relief it is seeking, the constitutional requirements are satisfied. What matters is that the court's resolution of the dispute would provide appropriate relief to a party that is entitled to seek it. If that requirement is met, the court's opinion will neither be advisory nor will it be addressing a generalized grievance. That is all that Article III of the Constitution requires when it limits the federal judicial power to hearing 'Cases' and 'Controversies.'").

[8] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014).

[9] *Hill v. Warsewa*, 947 F.3d 1305, 1309 (10th Cir. 2020) (quotation marks and internal citations omitted).

[10] *Pettine*, 655 B.R. at 215 (quoting *Bd. of Cnty. Comm'rs v. Geringer,* 297 F.3d 1108, 1112 (10th Cir. 2002) (additional internal quotation marks omitted)).

at least three broad principles: "[1] the general prohibition on a litigant's raising another person's legal rights, [2] the rule barring adjudication of generalized grievances more appropriately addressed in the representative [governmental] branches, and [3] the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked."[11]

However, in *Lexmark*, the Supreme Court took a narrower view of the traditional prudential standing doctrines, clarifying that "zone of interests" and "general grievances" that were previously treated as aspects of prudential standing are not properly classified as prudential standing limitations at all.[12] Instead, the "generalized grievance" test is properly part of the Article III standing inquiry.[13] Although the "zone of interests" test is not a matter of prudential standing, it remains relevant. The "zone of interests" test directs the Court to use "traditional rules of statutory interpretation" to determine "whether a legislatively conferred cause of action encompasses a particular plaintiff's claim." [14]

The traditional prudential standing principle that survived Lexmark – the general prohibition on a litigant raising another person's legal rights – is not an issue before the Court. Rainer and Wais are not asking to assert the legal rights of third parties."[15]

---

[11] *Lexmark,* 572 U.S. at 126 (internal quotation marks and citations omitted).
[12] *Hill* 947 F.3d at 1309. (citing *Lexmark*, 572 U.S. 127 n.3).
[13] *Lexmark*, 572 U.S. at 127 n.3.
[14] *Id.* at 127. *See also In re Peeples*, 880 F.3d 1207, 1213 (10th Cir. 2018) ("[T]he zone-of-interests doctrine . . . merely asks whether a particular federal cause of action 'encompasses a particular plaintiff's claim.'" (quoting *Lexmark*, 572 U.S. at 127)).
[15] The Court notes that *Lexmark* did not address the continuing viably of the third-party standing doctrine, which is a limited exception to the general prohibition on a litigant raising another person's legal rights. *See Lexmark*, 572 U.S. at 127 n. 3 ("This case does not present any issue of third-party standing, and consideration of that doctrine's proper place in the standing firmament can await another day."). The Tenth Circuit recognizes the continuing viability of the third-party standing doctrine, *Hill v. Warsewa*, 947 F.3d at 1309-10, as do various bankruptcy courts. *E.g. In re Zohar III, Corp.*, 631 B.R. 133, 188 (Bankr. D. Del. 2021); *In re Shelton Fed. Grp., LLC*, No. 15-00623, 2018 WL 4468331, at *2 (Bankr. D.D.C. Aug. 21, 2018); *In re Bahnsen*, 547 B.R. 779,

-6-

Case 23-10827-j7   Doc 70   Filed 08/15/25   Entered 08/15/25 15:10:05 Page 6 of 12

*Use of the Nomenclature of "Statutory Standing" and the "Zone of Interests"*

The Tenth Circuit, relying on *Lexmark*, has abandoned use of the nomenclature of "statutory standing" or "zone of interests" to refer to non-Article III limits on the right to assert a claim under a federal statute, explaining,

> Although traditionally viewed as a prudential- or statutory-standing requirement, the zone-of-interests doctrine isn't actually a matter of standing at all; instead, it merely asks whether a particular federal cause of action "encompasses a particular plaintiff's claim." *Lexmark Int'l v. Static Control Components, Inc.*, __ U.S.___,134 S.Ct. 1377, 1387, 188 L.Ed.2d 392 (2014); *see also United States v. Wells*, 873 F.3d 1241, 1261 (10th Cir. 2017) ("[T]he question that courts have *misguidedly* used the term 'standing' to describe . . . is really whether a particular litigant is a member of a class that Congress has authorized to sue . . . .").[16]

Because the Tenth Circuit has abandoned the nomenclature of "statutory standing" to refer to non-Article III/non-prudential limits on the right to assert a claim under a federal statute, this Court will do likewise. Instead, in the context of a bankruptcy case, the Court will refer to that standing concept as the "Right to be Heard."

*Rainier and Wais lack standing because they do not have the Right to be Heard to object to the Motion to Sell*

In non-bankruptcy litigation and in adversary proceedings, which are causes of action initiated by a plaintiff against a defendant, the Right to be Heard to assert a claim under a federal statute centers on whether the plaintiff "belong[s] to the class of persons

---

787 (Bankr. N.D. Ohio 2016); *In re Baroni*, No. AP 13-01069, 2015 WL 6956664, at *6 (B.A.P. 9th Cir. Nov. 10, 2015).

[16] *In re Peeples*, 880 F.3d at 1213. *But see United States v. $96,935.00 in United States Currency*, No. 22-3074, 2022 WL 5434555, at *1 (10th Cir. Oct. 7, 2022) (reviewing the question of statutory standing). See also In *Sweet v. Cardona*, 121 F.4th 32, 41 n. 3 (9th Cir. 2024), in which the Ninth Circuit pointed out that the terms "prudential standing," "statutory standing," and "cause of action" have all been used to describe the "zone of interests" non-Article III limits on standing but opted to continue to use the nomenclature of "statutory standing" because it is still predominately used by other circuit courts.

to whom the statute grants a right to sue;" that is, "a plaintiff must be within the 'zone of interests' that the statute protects." [17] The right of a defendant to be heard to contest a claim against it is not an issue. The defendant has the right to assert defenses to claims against it.

Contested matters in bankruptcy cases are different. When a party files a motion in a bankruptcy case seeking relief under the Bankruptcy Code, the relief often is not sought against only a named party.[18] Such is the case with the Motion to Sell where the Trustee seeks approval of the sale of the Legal Malpractice Claims under § 363. In that circumstance, to determine who has the right to contest the relief sought requires a limiting principle. Whether a party has the Right to be Heard in a contested matter on an objection to relief sought under the Bankruptcy Code depends on whether the objecting party belongs to the class of persons entitled to participate in the contested matter; that is, whether the interests of the objecting party fall within the "zone of interests" the statute protects.[19]

If this bankruptcy case were pending under chapter 11, § 1109(b) would govern whether Rainer and Wais have the Right to be Heard on their objection to the sale. Section 1109(b) provides:

> (b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

---

[17] *Food & Drug Admin. v. R. J. Reynolds Vapor Co.,* 145 S. Ct. 1984, 1990 (2025) ("To invoke a statutory cause of action, a plaintiff must be within the "zone of interests" that the statute protects. . . . Put differently, a plaintiff must belong to the class of persons to whom the statute grants a right to sue.").

[18] A motion to avoid a judicial lien filed under § 522(f) is an example of a motion initiating a contested matter where is relief sought only against a named party.

[19] *See In re Cred Inc.*, No. 20-12836 (JTD), 2023 WL 2245371, at *4 n. 34 (Bankr. D. Del. Feb. 27, 2023) ("Whether the doctrine is described as one in which the party is found to lack 'standing' or just viewed as falling outside the 'zone of interests' is merely a linguistic point. The legal principle is the same."), *aff'd*, No. 20-12836 (JTD), 2024 WL 1345194 (D. Del. Mar. 29, 2024).

The phrase "party in interest" in § 1109 is a broad term.[20] Thus, when the Bankruptcy Code uses the phrase "party in interest" it contemplates that the broadest category of potential litigants will have the Right to be Heard.[21] But § 1109(b) does not apply in chapter 7 cases because "this chapter" used in § 1109 refers to chapter 11.[22]

In chapter 7 cases, there is no counterpart to § 1109 that uses the phrase "party in interest" in a blanket fashion with respect to the right to be heard, although party in interest is used in specific Code sections. A few Code sections applicable in chapter 7 cases specify who may object to relief sought using the phrase "party in interest," such as §§ 502(a), 522(l), and 727(c). But most Code sections applicable in chapter 7 cases, including § 363(b), which governs the Motion to Sell, do not identify who may object to a motion and instead simply allow the Court to grant relief requested in a motion "after notice and a hearing." "After notice and a hearing" means "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."[23]

Rainier and Wais, who are the targets of the Legal Malpractice Claims the Trustee seeks to sell, argue that they have legally protected interests under the Bankruptcy Code in (i) the proper administration of the Legal Malpractice Claims by the Trustee, which would

---

[20] *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 277 (2024) ("This text is capacious. To start, § 1109(b) provides an illustrative but not exhaustive list of parties in interest."). In *Truck Ins.*, the Supreme Court held that Truck Insurance Exchange was a "party in interest" under § 1109(b) that could raise objections to confirmation of a chapter 11 plan of reorganization regardless of whether the plan was insurance neutral. *Id.*
[21] *Truck Ins.*, 602 U.S. at 280 ("[D]rafters and early commentators hoped that an expansive definition of 'party in interest in § 1109(b)] would allow a broad range of individual and minority interests to intervene in Chapter 11 cases, and expressly warned that undue restrictions on who may be a party in interest might enable dominant interests to control the restructuring process." (quoting Diane Lourdes Dick, *The Chapter 11 Efficiency Fallacy*, 2013 B.Y.U.L. Rev. 759, 774-75 (2014))).
[22] *In re Steward*, 668 B.R. 203, 210 (Bankr. N.D. Ill. 2025*; In re Richardson Foods, Inc.*, 667 B.R. 500, 520–21 (Bankr. S.D.N.Y. 2025).
[23] § 102(1).

-9-

Case 23-10827-j7    Doc 70    Filed 08/15/25    Entered 08/15/25 15:10:05 Page 9 of 12

preclude the Trustee from accepting a lower offer for the asset; (ii) preventing an assignment of Legal Malpractice Claims against them to Mr. Dwoskin in violation of Washington state public policy, which precludes a prevailing party from pursuing its adversary's legal malpractice claim against its attorney; and (iii) avoiding the attorney's fees and expenses to obtain a ruling in Washington state court that Mr. Dwoskin is precluded from pursuing the Legal Malpractice Claims, as it would be less expensive for them to buy the claim from the Trustee than to defend the claims in state court. They urge that these interests are sufficient to give them standing to object to the Motion to Sell. This Court disagrees.

With one limited exception, the interests of a disappointed bidder for a bankruptcy estate asset who otherwise is a stranger to the bankruptcy case are not the type of interests protected under the Bankruptcy Code to challenge a § 363 sale.[24] Recognizing that "questions about . . . standing to object must not stand as an obstacle to a bankruptcy court's assuring itself that the integrity of the bankruptcy process was not threatened,"[25] a limited exception exists to the extent that there are allegations of fraud, collusion, bad faith, or other fundamental unfairness that taints the sale.[26]

---

[24] *See, e.g., In re MA-BBO Five, LP*, No. 11-40644, 2022 WL 3329016, at *9 n. 4 (Bankr. E.D. Tex. Aug. 11, 2022) (competing bidders do not have the right to present an objection because they are "not within the "zone of interests" intended to be protected' under bankruptcy law." (internal quotation marks and citation omitted); *In re Linett*, No. BAP SC-23-1102-FBC, 2023 WL 8813825, at *4 (9th Cir. BAP Dec. 20, 2023) (a disappointed prospective purchaser is not within the zone of interests intended to be protected under the Bankruptcy Code); *In re MTE Holdings LLC,* No. 19-12269 (CTG), 2021 WL 3743201, at *10 (Bankr. D. Del. Aug. 17, 2021) (same); *In re Verity Health Sys. of California, Inc.*, No. 2:18-BK-20151-ER, 2020 WL 7053770, at *2 (Bankr. C.D. Cal. Aug. 7, 2020) (same); *In re Canton*, No. 05-47803, 2007 WL 2848513, at *1 (Bankr. W.D. Wash. Mar. 21, 2007) (same); *In re NEPSCO, Inc.,* 36 B.R. 25, 27 (Bankr. D. Me. 1983) (same).
[25] *AIO US, Inc*. 2025 WL 1617477 at *10.
[26] *In re Moran*, 566 F.3d 676, 681 (6th Cir. 2009); *In re Waypoint Leasing Holdings Ltd.*, 607 B.R. 143, 156 (Bankr. S.D.N.Y. 2019); *In re Verity Health Sys. of California, Inc.* 2020 WL 7053770, at *2.

Rainier and Wais have not alleged that fraud, collusion, bad faith, or other fundamental unfairness taints the Trustee's sale to Mr. Dwoskin. Their contention that the Malpractice Claims are not assignable to Mr. Dwoskin because it is against Washington state public policy for a prevailing party to pursue an adversary's legal malpractice claim does not taint the Trustee's sale. That is a litigable state law issue that should be decided by the state court.

In *Moran*,[27] Stark, who owned stock in a corporation, objected to the chapter 7 trustee's abandonment of the bankruptcy estate's shares of stock in the corporation to the debtor for a price that was less than what Stark offered to pay for the stock. The Sixth Circuit held that Stark's co-ownership of stock in the corporation, without more, was not an interest protected by the bankruptcy laws that gave him standing to object to the trustee's abandonment of the estate's shares of stock to the debtor for a lower price[28] Similarly, Ranier and Wais, as disappointed bidders and targets of the Legal Malpractice Claims, do not fall within the class of persons protected by § 363 even though they have offered to pay more for the Legal Malpractice Claims than the Debtor. Ranier and Wais do not have a Right to be Heard on their Objection to the Motion to Sell.

Rainer and Wais thus lack standing under the Bankruptcy Code to assert their Objection. The Court, therefore, will not address their Objection on the merits.

---

[27] *In re Moran*, 566 F.3d 676 (6th Cir. 2009).
[28] *Id*. at 681.

## CONCLUSION

Because Rainier and Wais are the only objecting parties and they do not have the Right to be Heard on their Objection to the Motion to Sell, the Court will grant the Motion. The Court will enter a separate order reflecting this ruling.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: August 15, 2025

COPY TO:

Wayne OBrien McCook
Attorney for Debtor
McCook Law Firm, LLC
500 Marquette Ave NW, Suite 1200
Albuquerque, NM 87102

Clarke C. Coll
Chapter 7 Trustee
P.O. Box 2288
Roswell, NM 88202-2288

Spencer Lewis Edelman
Attorney for Ranier Legal Advocates, LLC
Modrall Sperling Roehl, Harris & Sisk PA
PO Box 2168
Albuquerque, NM 87103-2168

Morgan J. Wais
Rainier Legal Advocates, LLC
465 Rainier Blvd. N., Suite C
Issaquah, WA 98027

Ronald E Holmes
Attorney for Colby Dwoskin
Davis Miles, PLLC
2440 Louisiana Blvd, Suite 300
Albuquerque, NM 87110